IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                      No.    CV 16-0588 WJ/LAM
                                                  CR 13-3892 WJ

ANTHONY BARELA,

    Defendant/Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*],[2] filed on June 15, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on November 25, 2016. [*Doc. 5*], and Defendant filed a reply on January 9, 2017 [*Doc. 8*]. United States District Judge William P. Johnson referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 10*]. Having considered the motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-13-3892, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 1*] and be **DENIED** and that this case be **DISMISSED with prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0588 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-13-3892 cited in this decision will be designated as "*Cr.Doc.*"

**Factual and Procedural Background**

On September 24, 2014, pursuant to a Plea Agreement [*Cr.Doc. 35*], Defendant pled guilty to an Indictment [*Cr.Doc. 13*], which charged him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 15, 2015, Defendant was sentenced to a term of 15 years imprisonment, and 3 years of supervised release. [*Cr.Doc. 47* at 2-3].

In his § 2255 motion, Defendant states that he was facing a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") based on two convictions for armed bank robbery in the United States District Court for the District of New Mexico in 2002, and three state convictions for armed robbery in New Mexico District Court in 2003. [*Doc. 1* at 2]. Defendant contends that the state armed robbery convictions no longer qualify as crimes of violence following the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). *See id.* Therefore, Defendant contends that "post *Johnson [2015]* [Defendant's] plea makes little sense and, in fact, imposes an illegal sentence above the maximum authorized by law." *Id.* Specifically, Defendant contends that a conviction under New Mexico's robbery statute, N.M.S.A. § 30-16-2, is not a crime of violence under the force clause because it does not require proof of the use or threatened use of violent, physical force, and Defendant relies on *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"), in which the Supreme Court held that the term "physical force" in the ACCA's force clause, § 924(e)(2)(B)(i), must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." *See id.* at 4-12. Defendant further contends that New Mexico armed bank robbery does not qualify as a crime of violence under the ACCA's force clause because "[t]here is no requirement that the weapon be brandished or used in any fashion to enable the

commission of the robbery," and "[t]here is no requirement of a nexus between the simple robbery and possession of the weapon." *Id.* at 12-13. Therefore, Defendant asks the Court to vacate his sentence and resentence him without the ACCA enhancement. *See id.* at 14.

In response, the Government contends that Defendant's convictions for New Mexico armed robbery satisfy the force requirements for an enhancement under the ACCA. *See* [*Doc. 5* at 2-4]. The Government states that, while it concedes that New Mexico's simple robbery statute does not meet the force requirements of *Johnson 2010*, based on the Government's contention that armed robbery requires the use of a deadly weapon in the commission of a robbery, New Mexico's armed robbery statute does meet the *Johnson 2010* violent force standard. *See id.* at 3-4.

In reply, Defendant contends that New Mexico's armed robbery statute does not require force sufficient to meet the standard in *Johnson 2010* because "[i]n New Mexico, an accused may be convicted of armed robbery by merely possessing a weapon during a robbery," and does not require the use of the weapon during the robbery. [*Doc. 8* at 1]. Defendant relies on a holding by a District Judge in this Court that New Mexico armed robbery does not satisfy the ACCA's violent felony definition. *See id.* at 2 (relying on *United States v. King*, No. CR-02-2092 MV, *Doc. 84*). Defendant contends that, since a person can be convicted of armed robbery even when the accused did not intend to use the weapon, or when the accused did not use the weapon or even make the victim aware of the weapon, the New Mexico armed robbery statute does not satisfy the ACCA's force clause. *See id.* at 3-4.

## Discussion

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a

serious drug offense," will receive a mandatory, minimum 15-year sentence. 18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. *Johnson 2015*, 135 S.Ct. at 2557.

Now that the residual clause has been found to be unconstitutional, the Court must determine whether Defendant's prior convictions supporting his ACCA-enhanced sentence satisfy the definition of "violent felony" under the remaining clauses of the ACCA. Since Defendant's convictions for armed robbery are not enumerated offenses under § 924(e)(2)(B)(ii), the Court must consider whether they fall under the "force" clause under § 924(e)(2)(B)(i). In *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"), the Supreme Court held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original) (finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)). In addition, to determine whether a prior conviction qualifies under the

ACCA, the court will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted. *See Johnson 2015*, 135 S.Ct. at 2557. However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). Therefore, in evaluating whether Defendant's prior convictions for New Mexico armed robbery constitute violent felonies under the force clause of the ACCA, the Court must determine whether the statute prohibits conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another, as that force is defined in *Johnson 2010*.

> New Mexico's robbery statute states:
>
>> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>>
>> Whoever commits robbery is guilty of a third degree felony.
>>
>> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M.S.A. § 30-16-2. Since this statute defines three separate crimes of robbery -- for first degree, second degree, and third degree felonies -- by listing elements in the alternative, this is a divisible statute, and the Court should employ the modified categorical approach to determine under which element of the crime Defendant was convicted. *See Mathis*, 136 S. Ct. at 2249 and 2256 (explaining that "divisible" statutes are those that "list elements in the alternative, and thereby define multiple crimes," and later instructing that "[i]f statutory alternatives carry different

punishments, then under *Apprendi* they must be elements"). Here, Defendant challenges his convictions for New Mexico armed robbery. *See* Presentence Investigation Report, dated November 19, 2014, ¶42; *see also* [*Doc. 1* at 2] (Defendant's § 2255 motion stating that he is challenging his sentence based on his convictions for New Mexico armed robbery). Therefore, Defendant's convictions required proof of the element of being "armed with a deadly weapon" during commission of the offense. *See* N.M.S.A. § 30-16-2. The New Mexico Criminal Code defines "deadly weapon" as "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm." *See* N.M.S.A. § 30-1-12(B). The same statute sets forth the definition of "great bodily harm" as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body." N.M.S.A. § 30-1-12(A).

The Court finds that Defendant's convictions for New Mexico armed robbery satisfy the definition of violent felony pursuant to *Johnson 2010*. Recently, the Tenth Circuit has found that Colorado's robbery statute, which is similar to New Mexico's robbery statute, matches the level of force required by *Johnson 2010* because the Colorado Supreme Court has held that "force or fear is the main element of the offense of robbery," and that "the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of force or violence." *United States v. Harris*, 844 F.3d 1260, 1269 (10th Cir. 2017) (citations, internal quotation marks, and brackets omitted). Relying on *Harris*, a District Judge in this Court found that New Mexico's third degree (or simple) robbery statute also requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA. *See Garcia*, No. 16-CIV-240 JB/LAM (*Doc. 37* at 55-57). The Court in *Garcia* stated that it "does not think the Supreme Court

of New Mexico disagrees that the force requisite to suffice robbery in New Mexico entails physical, violent force or threat of such force." *Id.* at 56. The Court in *Garcia* relied on the New Mexico Supreme Court case of *State v. Bernal*, which construed the difference between larceny and robbery in New Mexico, and found that, because "robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed to protect citizens from violence." *See id.* (quoting *Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289). Therefore, it appears that New Mexico's armed robbery statute requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA because the underlying robbery requires *Johnson 2010*-level violent force.

Defendant contends that New Mexico armed robbery does not require the use of sufficient force under the ACCA's force clause because there is no requirement that the weapon be brandished or used during the commission of the robbery. *See* [*Doc. 1* at 12] and [*Doc. 8* at 3-4]. The Court agrees with Defendant that, because New Mexico armed robbery only requires that the robbery be committed while armed with a deadly weapon, and does not require that the weapon be brandished or used in any way, "[t]he New Mexico armed robbery statute fails to require any more force than the simple robbery statute." [*Doc. 1* at 13]. However, because the Court finds that the holding in *Harris* indicates that New Mexico simple robbery is likely a violent felony under the force clause, armed robbery is, therefore, also a violent felony because it is comprised of simple robbery while armed with a deadly weapon. *See, e.g., United States v. Serrano*, No. 16-CIV-670 RB/WPL (*Doc. 11* at 9) ("Because armed robbery is comprised of simple robbery plus the element of a deadly weapon, armed robbery is also categorically a violent felony for purposes of the ACCA.").³

---

³ Even if New Mexico's robbery statute is not a violent felony under the ACCA, the presence of a deadly weapon under New Mexico's armed robbery statute may, in itself, satisfy *Johnson 2010's* definition of physical force

The Court notes that Defendant relies on the holding in *United States v. King*, No. CR-02-2092 MV, No. CIV-16-501 MV/KK, in which the Court found that New Mexico's armed robbery statute does not satisfy *Johnson 2010*'s definition of violent force. *See King*, No. CIV-16-501 MV/KK (*Docs. 12, 15,* and *18*). The *King* decision first finds that New Mexico third degree robbery is not a violent felony under *Johnson 2010* and distinguishes New Mexico state court cases interpreting New Mexico's robbery statute from Colorado state court cases relied on by the Tenth Circuit in *Harris*. *See King*, No. CIV-16-501 MV/KK (*Doc. 18* at 10-17). The decision then reasons that New Mexico armed robbery also does not meet *Johnson 2010's* definition of physical force because it criminalizes robberies committed while armed with a deadly weapon, but does not require the use of the weapon. *See id.* at 20-28.

While the Court is sympathetic to both of these findings, the Court declines to follow the holding in *King* because, as explained above, the Court finds that it is not clear that a conviction for New Mexico robbery does not constitute a violent felony under the ACCA after the holding in *Harris*. As noted by the Court in *Garcia*, the New Mexico Supreme Court in *Bernal* stated that New Mexico's robbery statute "clearly is designed to protect citizens from violence." *See Garcia*, No. 16-CIV-240 JB/LAM (*Doc. 37* at 56) (quoting *Bernal*, 2006-NMSC-050, ¶ 28). The Court in *King* distinguished the New Mexico Supreme Court's holding in *Bernal* from the Colorado Supreme Court decision relied on in *Harris* because a prior New Mexico Supreme Court decision and both prior and subsequent New Mexico Court of Appeals decisions have only required a slight degree of force for robbery convictions, and because the *Bernal* decision "made no attempt to address the type or quantum of force this element requires, or to revisit" the prior

---

under the ACCA. Since *Johnson 2010* defines physical force as "force *capable of* causing physical pain or injury to another person," then the use or threatened use of force or violence in taking something from the person or immediate control of another, coupled with the presence of a deadly weapon, may satisfy this definition since a deadly weapon is certainly capable of causing physical pain or injury. *Johnson 2010*, 559 U.S. at 140 (emphasis added). At the very least, it increases the risk of *Johnson 2010*-level force.

8

cases interpreting this statute. *King*, No. 16-CIV-501 MV/KK (*Doc. 18* at 13). The Court, however, finds that the *Harris* decision instead appears to support a finding that the holding in *Bernal* is controlling as to whether a conviction for New Mexico robbery constitutes sufficient force under *Johnson 2010*, regardless of a prior New Mexico Supreme Court decision or any New Mexico Court of Appeals decisions. *See Harris*, 844 F.3d at 1269 (stating that "the starting point" to answer whether or not the state statute meets the level of force required by *Johnson 2010* "is the Colorado Supreme Court's express word"). Accordingly, the Court finds that it is likely that New Mexico robbery satisfies *Johnson 2010's* definition of physical force and, therefore, New Mexico armed robbery also satisfies this definition because it is comprised of robbery while being armed with a deadly weapon. In addition, the Court notes that at least three other decisions in this Court have found similarly. *See United States v. Dean*, No. CIV-16-289 WJ/LAM (*Doc. 15*) (finding that New Mexico attempted armed robbery is a violent felony under the ACCA's force clause); *United States v. Baker*, No. CIV-16-715 PJK/GBW (*Doc. 9*) (finding that New Mexico armed robbery is a violent felony under ACCA's force clause); and *United States v. Serrano*, No. CIV-16-670 RB/WPL (*Doc. 11*) (same).

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**